UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICK SHEAH, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § § | Civil Action No. 4-15-CV-00488-RC |
| C.M. & MCKAY CORP d/b/a JAPON STEAKHOUSE AND SUCHI BAR, TRACY MCKAY, Individually | § § § § § | |
| Defendants. | § § | |

### DEFENDANTS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE[1]

**I. INTRODUCTION**

By this Motion, Defendants C.M. & McKay Corp and Tracy McKay ("Defendants") hereby seek Court approval of the Parties' Settlement Agreement And Release of All Claims ("Settlement Agreement"), which was fully executed as of March 21, 2016. Upon approval of the settlement by the Court, Defendants request that the Court dismiss this action with prejudice, with each party to bear his/her/its own respective attorney's fees and costs.

**II. BACKGROUND**

On July 17, 2015, Plaintiff Patrick Sheah filed his Original Complaint and asserted claims for unpaid wages under the Fair Labor Standards Act ("FLSA"). Krista Chester

---

[1] The Defendants simultaneously submit an unopposed motion for permission to submit the Settlement Agreement to chambers for *in camera* review by the Court.

subsequently opted into the case. The Parties have thoroughly investigated Plaintiffs' allegations and Defendants' defenses. The Parties' are represented by counsel with significant experience in wage and hour litigation. After weeks of negotiations, the Parties were able to resolve this matter. The Parties' agreement is contained in the Settlement Agreement, which was fully executed by the Parties as of March 21, 2016. The settlement involves payments to both Sheah and Chester and for a payment to Plaintiffs' counsel for attorney's fees and costs. As part of the Settlement Agreement, Plaintiffs agreed to release, among other claims, any and all claims they may have pursuant to the FLSA against the Defendants relating to events occurring prior to the date of Plaintiffs' execution of the Settlement Agreement.

**III.     THIS COURT SHOULD APPROVE THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS**

Historically, private parties could not effectively waive FLSA claims without the approval of the court or the Department of Labor. *See Brooklyn Sav. Bank*, 324 U.S. 697, 704 (1945). Under some circumstances, however, courts, including the Fifth Circuit have upheld private waivers of FLSA claims. For instance, in *Martin v. Spring Break '83 Productions, L.L.C,* 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit addressed the question of whether court or Department of Labor approval is required for settlement of FLSA claims under the facts of that case. The Fifth Circuit concluded that such approval was not required in that case, holding that "a release of a party's rights under the FLSA is enforceable" and "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* at 255-56 (citation and internal quotation omitted).

While the *Martin* holding provides guidance on the enforceability of private settlements under the facts of that case, the scope of the *Martin* holding, and indeed, the law on the issue generally, is not settled and some other circuits have disagreed with the *Martin* holding.  See, e.g., *Archer v. TNT USA, Inc.*, 12 F.Supp.3d 373, 387 (E.D.N.Y. 2014) (court approval of FLSA settlements always required).  Here, Plaintiffs' allegations raise both a "bona fide dispute as" to "compensation due" (as addressed in *Martin*) and a claim Defendants failed to properly pay minimum wage because Defendants did not utilize a legal tip pooling arrangement and thus improperly applied tip pooling to the minimum wage requirement (and thus a claim regarding a guaranteed FLSA substantive right arguably not addressed by *Martin*).

Because it is arguably unclear whether the settlement here falls squarely under the *Martin* holding and Defendants are seeking finality with this settlement, Defendants are respectfully seeking the Court's approval of the settlement and have conditioned the Settlement Agreement on obtaining such approval. There is a "strong presumption in favor of finding a settlement fair." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008).

Defendants respectfully urge the Court to approve the settlement.  Plaintiffs assert that they were denied wages required under the FLSA.  Defendants dispute that Plaintiffs are entitled to such wages and argue that their tip pooling arrangement was lawful and properly used to offset minimum wage payments.  Based on the facts, allegations, and risks of continued litigation to the Parties, the Parties have entered into the Settlement Agreement.  In doing so, the Parties have engaged in good faith, arms-length settlement discussions, and all Parties were represented by experienced counsel to

arrive at a reasonable compromise over issues asserted in the case.  Indeed, the settlement amounts agreed to by the Parties are tailored to the Parties' respective assessments of Plaintiffs' claims; the risk inherent in proceeding with the case; and the time period relevant to Plaintiffs' claims.  Accordingly, approval of the Parties' Settlement Agreement is appropriate.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that their Unopposed Motion For Approval Of Settlement be granted, that the Court approve the terms of the settlement as fair and reasonable, and that the Court dismiss with prejudice this action and any and all claims that were or could have been raised in this action by Plaintiff Patrick Sheah and opt-in Plaintiff Krista Chester, with the Parties to bear his/her/its own respective attorney's fees and costs.

 Dated: March 23, 2016

Respectfully submitted,

*/s/ Matthew W. Ray*
Matthew W. Ray
Texas Bar No. 00788248
Simon, Ray & Winikka LLP
500 North Akard St., Ste. 2860
Dallas, Texas 75201
Telephone:  (214) 871-2292
Facsimile:   (469) 759-1699

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23th day of March 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel for Plaintiffs, Jay Forester.

/s/ Matthew W. Ray
Matthew W. Ray

## CERTIFICATE OF CONFERENCE

      Counsel for Defendants, Matt Ray, conferred with counsel for Plaintiffs, Jay Forester, regarding the substance of this motion and was advised Plaintiffs are not opposed to the relief sought in the motion.

                                                  */s/ Matthew W. Ray*
                                                  Matthew W. Ray