UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PATRICK SHEAH, Individually and On Behalf of All Others Similarly Situated, § § § § Plaintiff, § § § vs. § § § C.M. & MCKAY CORP d/b/a JAPON STEAKHOUSE AND SUCHI BAR, § § TRACY MCKAY, Individually § § Defendants. § § | Civil Action No. 4-15-CV-00488-RC |

**DEFENDANTS' UNOPPOSED MOTION TO SUBMIT SETTLEMENT AGREEMENT TO CHAMBERS FOR IN CAMERA REVIEW BY THE COURT**

By this Unopposed Motion, Defendants C.M. McKay Corp and Tracy McKay ("Defendants") (together, with Plaintiffs, the "Parties") request an order permitting Defendants to submit the Settlement Agreement And Release of All Claims ("Settlement Agreement") between the Parties, fully executed by the Parties as of March 21, 2016, for *in camera* review by the Court. The Settlement Agreement is conditioned upon the Court's approval of this request for *in camera* review and approval of the Settlement Agreement.

The decision to maintain confidentiality of sensitive documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser,* 49 F.3d 1430,

1434 (9th Cir. 1995). It is well-established that settlement agreements may be kept confidential when necessary to promote settlement and preserve confidentiality. *City of Hartford v. Chase,* 943 F.2d 130, 135 (2d Cir. 1992) ("a federal judge has the power to prevent access to settlement negotiations by [sealing settlement documents] when necessary to encourage the amicable resolution of disputes"). Indeed, courts have applied this rationale to preserve the confidentiality of settlement agreements submitted for court approval in FLSA actions. *See, e.g., Trinh v. JP Morgan Chase & Co.,* 2009 WL 532556 (S.D. Cal. 2009) (reviewing agreement in camera).

Here, the public interest, if any, in disclosure of the terms of this settlement is minimal because this is a private settlement reached exclusively between the Plaintiffs and the Defendants. Further, one of the essential conditions of the proposed settlement is Court approval of the settlement without the terms of the settlement being entered into the public record. Public policy favors encouraging settlement by keeping settlement agreements confidential. *Hasbrouck v. BankAmerica Hous. Services,* 187 F.R.D. 453, 458 (N.D.N.Y. 1999) ("protecting confidentiality of the settlement agreement promotes the important public policy of encouraging settlement").

The Parties have agreed to maintain the terms of the settlement confidential. In light of the public policy in favor of encouraging settlement, Defendants respectfully ask the Court to allow them to submit the Settlement Agreement to chambers for *in camera* review.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that their Motion To Submit Settlement Agreement In Chambers For In Camera Review By The Court be granted.

Dated: March 23, 2016

                                            Respectfully submitted,

                                            */s/ Matthew W. Ray*_____
                                            Matthew W. Ray
                                            Texas Bar No. 00788248
                                            Simon, Ray & Winikka LLP
                                            500 North Akard St., Ste. 2860
                                            Dallas, Texas 75201
                                            Telephone:   (214) 871-2292
                                            Facsimile:    (469) 759-1699

                                            ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 23rd day of March 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel for Plaintiffs, Jay Forester.

                                            */s/ Matthew W. Ray*_____
                                            Matthew W. Ray

## CERTIFICATE OF CONFERENCE

      Counsel for Defendants, Matt Ray, conferred with counsel for Plaintiffs, Jay Forester, regarding the substance of this motion and was advised Plaintiffs are not opposed to the relief sought in the motion.

                                            */s/ Matthew W. Ray*_____
                                            Matthew W. Ray