\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICK SHEAH, individually and on behalf of those similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION No. 4:15-cv-488 |
| C.M. & MCKAY CORP., D/B/A JAPON STEAKHOUSE AND SUSHI BAR, TRACY MCKAY, individually, | § § § § § | JUDGE RON CLARK<br><br>BRC |
| *Defendants.* | § | |

## ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") on behalf of himself and those similarly situated.  Before the court are the Parties' Unopposed Motion for Approval of Settlement and Dismissal with Prejudice [Dkt. # 15] and Unopposed Motion to Submit Settlement Agreement to Chambers for In Camera Review by the Court ("Motion") [Dkt. # 16].  The latter motion makes it clear that the settlement agreement would remain sealed.

There is a good-faith dispute between the parties.  The Settlement Agreement is a fair resolution with respect to recovery by Plaintiffs and attorney's fees.  Both motions [Dkt. ## 15, 16] are GRANTED.

### I.   BACKGROUND

Plaintiffs allege that Defendants violated the FLSA by failing to lawfully administer a "tip credit" system and not paying Plaintiffs at least minimum wage.  Instead, Plaintiff was paid a sub-minimum wage hourly basis plus tips, which were improperly shared among other employees and managers, who may not lawfully participate in a tip pool.  The parties have

1

resolved their dispute and seek court approval of their Settlement Agreement. [Dkt. # 15]. The parties also request that the Settlement Agreement remain sealed. [Dkt. # 16].

## II.     LEGAL STANDARD

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 716 (W.D. Tex. 2010) (internal citations and quotations omitted). Courts may approve a settlement if it reflects "a reasonable compromise over issues" that are "actually in dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action . . . . Rather[,] the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (internal citations and quotations omitted).

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Riddle v. Tex–Fin, Inc.*, No. H–08–3121, 2011 WL 1103033, at *5 (S.D. Tex. Mar. 22, 2011). Courts "must carefully scrutinize the attorneys' fees award in a common fund settlement because the interests of the attorneys conflict with those of the class[ ]" and are not "bound by the agreement of the parties as to the amount of attorneys' fees." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 673 (N.D. Tex. 2010) (internal citations and quotations omitted).

### III. ANALYSIS

The Fifth Circuit has stated that a private compromise of claims under the FLSA is permissible and does not require court approval where there is only a good faith dispute as to liability. *Martin v. Spring Break '83 Productions*, 688 F.3d 247, 255 (5th Cir. 2012). Here, there is both a good faith dispute as to liability **and** a claim that Defendants failed to properly pay minimum wage because of an illegal tipping pool arrangement. The tipping pool allegation makes the case distinguishable from *Martin*. Because of this, it is unclear whether court approval is required. In light of this uncertainty, the parties have requested that the court approve the Settlement Agreement.

### A. Good Faith Dispute and Fair Resolution

The court must first determine whether there is a good faith dispute "as to the amount of hours worked or compensation due at the time the parties entered into the compromise and release at issue." *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 631 (W.D. Tex. 2005). In the Settlement Agreement, Defendants deny that they owe any wages to Plaintiffs but state that they are entering into the settlement because of the uncertainties of litigation. This is evidence of a good faith dispute. *See Altier v. Worley Catastrophe Response, LLC*, No. 11–241, 2012 WL 161824, at *14 (E.D. La. Jan.18, 2012) ("A disagreements [sic] over 'hours worked or compensation due' clearly establishes a bona fide dispute.").

Having determined that there is a good faith dispute, the court must next consider whether the Settlement Agreement is a fair resolution of the dispute. District courts are to consider the following six factors in evaluating the fairness and reasonableness of a settlement agreement:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to]

> prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Dyson*, 2016 WL 815355, at *2 (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)).  There is no evidence of fraud or collusion (factor 1).  The Complaint was filed less than a year ago and the court has only issued a Preliminary Scheduling Order with deadlines for class certification and notice.  Because of this, continuing litigation is likely, absent a settlement (factor 2), and minimal discovery has been completed (factor 3).  The existence of a good faith dispute as to wages owed is indicative of factual and legal obstacles to either side prevailing on the merits (factor 4).  The proposed settlement amount is less than the cost of a litigation plus jury trial, and it is likely that the recovery for the parties could be less than the cost of litigation (factor 5).  Finally, the parties and counsel are in favor of the settlement agreement (factor 6).  In the FLSA context, the court is "entitled to rely upon the judgment of experienced counsel for the parties." *Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977).   Taken together, all of the factors favor the fairness and reasonableness of the settlement agreement.

**B.     Attorney's Fees**

The attorney's fees are reasonable in light of the early stages of litigation and the amount of recovery in question.  Additionally, the parties have informed the court that in order to promote settlement, Defendants are paying Plaintiffs in excess of the calculated unpaid wages.  Because Plaintiffs are receiving more than they requested and Defendants have agreed to the request for attorney's fees, this is not a case where unfair settlement practices are negatively affecting the rights of class members.  The request for attorney's fee is approved.

**C.     The Settlement Agreement Shall Remain Sealed**

The public has a common-law right of access to judicial records that "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a

more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (internal citations and quotations omitted). But courts have recognized that the public's common-law right to inspect and copy judicial records is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). In exercising its discretion to seal judicial records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 849. This balancing is important in the decision to seal FLSA agreements. *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("[A]n FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.").

This is a settlement agreement between two plaintiffs and a small business for a relatively small amount. The parties have made confidentiality a requirement of their agreement. Given the small nature of this case and the fact that approval is contingent on confidentiality, the Parties' interest in non-disclosure outweigh the public's right to access. The Settlement Agreement shall remain under seal.

## IV.   CONCLUSION

It is therefore ORDERED that the Parties' Unopposed Motion for Approval of Settlement and Dismissal with Prejudice [Dkt. # 15] is GRANTED.

It is further ORDERED that the Parties' Unopposed Motion to Submit Settlement Agreement to Chambers for In Camera Review by the Court ("Motion") [Dkt. # 16] is GRANTED.

So **ORDERED** and **SIGNED** this **13** day of **May, 2016.**

_____
Ron Clark, United States District Judge